# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRENDA BRISBANE, et al.,                    :

        Plaintiffs                    :          Civil Action No. 02-3584

        v.                    :          Judge Padova

DENYS EVERINGHAM, et al.,                    :

        Defendants                    :


## ANSWER AND AFFIRMATIVE DEFENSES OF SEIU LOCAL 36

This Answer and Affirmative Defenses are filed on behalf of Defendant,

Service Employees International Union, Local 36 (hereinafter "Local 36").

Effective June 24, 2002, Local 36 was placed under a trusteeship by its parent body,

the Service Employees International Union (SEIU).  The effect of this trusteeship

was to remove from office all Local Union Officers involved in governance,

including its Executive Board.  Pursuant to the Constitution and By-Laws of SEIU,

the International President appointed a Trustee over the Local.  Accordingly, this

pleading is filed on behalf of the Local, but through its appointed Trustee.

**ANSWER**

1.    This introductory paragraph contains conclusions of law to which no response is required.

2.    This paragraph contains conclusions of law to which no response is required.

3.    Venue in this district is admitted, as the actions complained of occurred in this judicial district.

4.    Admitted in part, denied in part.  It is admitted that Brenda Brisbane is a member in good standing of Local 36 and has served as Secretary/Treasurer of the Local Union.  Her residence is also admitted.  However, it is denied that plaintiff Brenda Brisbane is Secretary/Treasurer at the present time insofar as the Trusteeship of the Local removed all Officers from their positions effective June 24, 2002.  It is also denied that Brenda Brisbane was ever duly appointed President of Local 36.

5.    Admitted in part, denied in part.  It is admitted that Plaintiff Hennie is a member in good standing and was the Recording Secretary for the Local.  Her residence is also admitted.  However, it is denied that Plaintiff Hennie at the present time serves as the Recording Secretary of the Local Union.  By virtue of the

trusteeship, she as well as other Officers, have been removed effective June 24, 2002.

6.    Admitted in part, denied in part.  It is admitted that Aquel Brisbane is a member in good standing of Local 36 and that he was the appointed Business Representative of the Local.  His residence is also admitted.  However, it is denied that plaintiff Aquel Brisbane is still serving as the Business Representative of the Local Union.  By virtue of the trusteeship, he was removed from that position effective June 24, 2002.

7.    Admitted in part, denied in part.  It is admitted that Plaintiff Butler is a member in good standing of Local 36 and that he served on the Executive Board of the Local Union.  However, it is denied that he currently serves on the Executive Board, as all members of that Board were removed, effective June 24, 2002, by virtue of the trusteeship of Local 36.  It is further denied that Plaintiff Butler represents all members of the Executive Board of Local 36.

8.    Admitted in part, denied in part.  It is admitted that Plaintiff Rivers is a member in good standing of Local 36.  Her residence is also admitted.  It is denied that she represents all members of the Local Union.

9.    Admitted.  However, by way of further answer it is averred that SEIU has placed Local 36 under a trusteeship, effective June 24, 2002, pursuant to the provisions of the SEIU Constitution and By-Laws.

10.     Admitted in part, denied in part.  It is admitted that Defendant Everingham is a member in good standing of Local 36 and that she was the Vice President of the Local.  Her business address is also admitted.  However, it is denied that Defendant Everingham still serves as Vice President of the Local Union.  By virtue of the trusteeship, she, as well as all other Officers of Local 36, were removed from their positions effective June 24, 2002.

11.     Admitted in part, denied in part.  Local 36 was established, is governed by and operates under the Constitution and By-Laws of the Service Employees International Union.  It was also governed by its own Constitution and By-Laws.  However, effective June 24, 2002, Local 36 is no longer governed by its own Constitution and By-Laws as it has been suspended by virtue of the trusteeship.

12.     Admitted in part, denied in part.  It is admitted that Michael Russo's term as President of Local 36 was to extend until June 2003.  It is admitted that on or about March 13, Russo announced that he would be out of the office due to medical reasons.  It is admitted that he began to utilize vacation time he had accrued.  However, it was denied, upon information and belief, that as of March 13 Russo indicated his intent to resign or gave a date for such resignation.

13.     Admitted in part, denied in part.  It is admitted that pursuant to the Constitution and By-Laws of Local 36, Vice President Denys Everingham was to serve as the Acting President in the absence of the President.  However, it is denied

that this assumption of the duties of the President was limited to a thirty (30) day period of time or that it was subject to review by the Executive Board.

14.     Admitted in part, denied in part.  It is admitted that Mr. Russo sent a letter dated April 29, 2002 to the Executive Board.  The characterization of the letter is denied as the letter will speak for itself.

15.     Defendant Local 36, by and through its current Trustee, is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph.  Therefore, it is denied.

16.     Defendant Local 36, by and through its current Trustee, is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph.  Therefore, it is denied.

17.     Defendant Local 36, by and through its current Trustee, is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph.  Therefore, it is denied.

18.     Admitted in part, denied in part.  It is admitted that some members of the Executive Board claim to have appointed Brenda Brisbane President of Local 36.  But, it is denied that this appointment was lawful or authorized by the Local's Constitution.

19.     Admitted in part, denied in part.  It is admitted that letters from Everingham were sent to and reviewed by Brenda Brisbane, Debbie Hennie and

Aquel Brisbane on or about May 29, 2002. The characterization of those letters is denied as the letters will speak for themselves.

20.    Denied.  Defendant Local 36, by its Trustees, is without sufficient knowledge or information to form a belief as to whether Plaintiffs received advance notice. It is denied that Plaintiffs were not provided the right to have a hearing. To the contrary, charges were filed by Everingham in support of the suspensions. Those charges were submitted to the International President with a request that he assume original jurisdiction over those charges. The International President, in a notice dated May 31, 2002, decided to assume original jurisdiction over the charges and over the suspensions of the plaintiffs and scheduled a hearing before an International Hearing Officer for June 11, 2002. Such a hearing was conducted on June 11, 2002 but not completed. Further hearings are to be scheduled to complete that internal union process.

21.    Admitted in part, denied in part. It is admitted that the minutes attached as Exhibit "E" to the Complaint purport to describe an Executive Board meeting allegedly held on May 31, 2002. However, Local 36, by and through its Trustee, is without knowledge or information sufficient to form a belief as to the factual allegations of this paragraph. Therefore, they are denied. Moreover, it is denied that the Executive Board had the authority to rescind the suspensions as they

were within the original jurisdiction of SEIU.  It is also denied that the Executive

Board had the authority to appoint Brenda Brisbane as President.

22.    Admitted in part, denied in part.  It is admitted that by letter dated May

25, 2002, Michael F. Russo informed the Officers and members of the Executive

Board that he was not planning to retire from the Local anytime earlier than July 1,

2002 and that in his absence, Vice-President Everingham would continue to serve as

Acting President.  That letter did not contain a threat.  To the extent Plaintiffs are

referring to a letter written by Defendant Everingham, that letter will speak for itself.

As to the sequence of events on May 31, Defendant Local 36 is without knowledge

sufficient to form a belief and, therefore, these allegations are denied.

23.    Admitted in part, denied in part.  It is admitted that a letter dated May

31, 2002 was sent to Denys Everingham, the contents of that letter will speak for

itself.  Therefore, the remaining allegations of this paragraph are denied.

24.    Admitted in part, denied in part.  It is admitted that a membership

meeting was held on June 1, 2002.  It is also admitted that Brenda Brisbane was not

permitted to act as President, but it is denied that she was authorized to act as

President at that time.  Upon information and belief it is admitted that Brenda

Brisbane, Debbie Hennie and Aquel Brisbane were denied access to the Union's

offices because of their suspensions pending the outcome of the internal union

charges.  However, it is denied that, as of June 24, 2002, Plaintiffs have

responsibilities associated with their former offices, as the trusteeship had the effect of removing them from those positions. Moreover, subsequent to the trusteeship, plaintiff Officers have been permitted access to the Local's offices and are working as employees of the Local.

25. Admitted in part, denied in part. It is admitted that plaintiffs were notified by the International Union of the appointment of an International Hearing Officer and of a hearing on the charges. It is further admitted that the International Union notified plaintiffs that it assumed jurisdiction over the charges filed by Everingham, and over the issue of the suspension of plaintiffs from their offices. However, it is denied that such charges or removal were unlawful. It is further admitted that a hearing on these issues was scheduled and conducted on June 11, 2002 but not completed, with the understanding that it would be scheduled for completion. It is denied that the action of the International Union is in direct contradiction to the resolution of the Executive Board. The International Union had authority, by virtue of the International Constitution, to take the steps announced in its notice of hearing.

26. Denied.

27. This paragraph incorporates all previous allegations. Accordingly, Defendant incorporates by reference its prior answers.

28.    It is admitted that Plaintiffs purport to bring a claim under Section 101(a)(2).  It is denied that such a claim is stated.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied.  By way of further answer, the charges against plaintiffs filed by Everingham and other members of Local 36 are the subject of a hearing process under the jurisdiction of the International Union.  That process has not yet been exhausted.  Plaintiffs participated in that hearing process and appeared at the hearing on July 11, 2002 represented by legal counsel.  The hearing was not concluded and is to be rescheduled.  Further appeals would not be futile.

34.    This paragraph incorporates all previous allegations.  Accordingly, Defendant incorporates by reference prior answers.

35.    This paragraph contains conclusions of law to which no responsive pleading is required.

36.    Admitted in part, denied in part.  It is admitted that Brenda Brisbane and Debbie Hennie were elected by the membership to their respective offices.  It is admitted that Plaintiff Aquel Brisbane was appointed, but not elected, to his position.  Plaintiffs, as of June 24, 2002, have been removed from their offices by

virtue of the trusteeship of the Local. As of now, elections and restoration to self-governance have not been scheduled. As to the remaining allegations, Defendant Local 36, by its Trustee, is without knowledge or information sufficient to form a belief as to their truth. Therefore, they are denied.

37.    This paragraph contains conclusions of law to which no responsive pleading is required. To the extent this paragraph contains factual averments they are denied. By way of further answer, plaintiff Officers/members of the Executive Board are, as of June 24, 2002, removed from their elected position by way of the trusteeship imposed on the Local.

38.    This paragraph conclusions of law to which no responsive pleading is required. To the extent that they are factual allegations, they are denied.

39.    Denied.

40.    Denied.

41.    This paragraph incorporates all previous allegations. Accordingly, Defendant incorporates by reference its prior answers.

42.    This paragraph contains conclusions of law to which no responsive pleading is required. By way of further answer, by virtue of the trusteeship the Constitution of Local 36 has been suspended.

43.    This paragraph contains conclusions of law to which no responsive pleading is required. By way of further answer, the Constitution and By-Laws of Local 36 have, by virtue of the trusteeship, been suspended.

44.    Admitted in part, denied in part. It is admitted that the Local's Constitution contains the provisions quoted in this paragraph. However, any averment that these provisions are applicable to the events of this case are denied.

45.    Admitted in part, denied in part. It is admitted that on or about March 13, 2002, President Russo, through a letter from James F. Runckel, counsel to Local 36, advised the Officers and members of the Executive Board that he would be out of the office temporarily, and for an indefinite period of time, due to medical reasons. It is denied that the letter states that Russo would be resigning from office on any specific date, or that he was disabled.

46.    Denied. To the extent this paragraph contains conclusions of law no responsive pleading is required. With respect to what the Executive Board did on May 29, 2002, answering Defendant is without knowledge or information sufficient to form a belief. Therefore, these averments are denied. It is also denied that the Executive Board could have lawfully appointed Brenda Brisbane President of the Local on May 29, 2002 in accordance with the Local's Constitution and By-Laws.

47.    Admitted in part, denied in part. To the extent that this paragraph contains conclusions of law, no responsive pleading is required. It is admitted that

Defendant Everingham, as Acting President, suspended plaintiff Officers and indicated that she would maintain her role as Acting President. It is denied those suspensions were unlawful. The President of the Local has authority under Article VI, Section 1 of the Constitution to suspend officers for neglect of duty or malfeasance in office. The charges underlying those suspensions are to be adjudicated by the International Union.

48.     Admitted. However, by way of a further answer, the charges underlying the suspension of Brenda Brisbane as Secretary/Treasurer are pending with SEIU. In addition, as of June 24, 2002, Brenda Brisbane was removed from any office by virtue of the Trusteeship of the Local.

49.     To the extent this paragraph contains conclusions of law, no responsive pleading is required. To the extent that they are averments of fact, they are denied. It is specifically denied that Russo announced his "disability".

50.     To the extent that this paragraph contains conclusions of law, no responsive pleading is required. To the extent that it contains factual averments, they are denied.

51.     This paragraph contains conclusions of law to which no responsive pleading is required. The remaining allegations are denied in part, admitted in part. It is admitted that the Local's Constitution contains procedures for members charged with misconduct and other provisions which are applicable here. The

Local's Constitution and By-Laws will speak for itself. By way of further answer, it is averred that the Local's Constitution and By-Laws are subordinate to the Constitution and By-Laws of the Service Employees International Union. See Article XXII. The International Union provides, among other things, that the International President may assume original jurisdiction over charges against an officer of a local union. Here, the International President decided to assume original jurisdiction over the charges against Plaintiffs.

52.    To the extent that this paragraph contains conclusions of law, no responsive pleading is required. It is admitted, however, that the SEIU Constitution contains a member bill of rights, as well as other applicable provisions. The Constitution will speak for itself. Any allegation that the International Constitution was violated is denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    This paragraph incorporates all previous allegations. Accordingly, Defendant incorporates by reference its prior answers.

58.    This paragraph contains conclusions of law to which no responsive pleading is required.

59.     This paragraph contains conclusions of law to which no responsive pleading is required.  Furthermore, it is denied that either the Constitutions of Local 36 or SEIU are employment contracts for plaintiffs.

60.     Denied.

61.     Admitted.

62.     Denied.

63.     Denied.

64.     Denied.

## AFFIRMATIVE DEFENSES

1.     This Court lacks subject matter jurisdiction over Plaintiffs' claims.

2.     Plaintiffs have failed to state a claim upon which any relief can be granted.

3.     In addition, Plaintiffs have failed to state any claim against Defendant Local 36.  Due to the actions of Plaintiffs, the Local, speaking through its

membership, did not have the opportunity to ratify or authorize the alleged acts of Defendant Everingham.

    4.    Plaintiffs' claims are barred because of their failure to exhaust internal Union remedies.  The issues raised by Plaintiffs' claims are pending before an impartial Hearing Officer appointed by the International Union which has assumed jurisdiction over charges filed against and by the Plaintiffs.

    5.    Plaintiffs have available remedies provided for in the Constitution and By-Laws of SEIU.  Those procedures are fair and impartial.  They have not been exhausted.  They are not futile.  Plaintiffs have participated in hearings scheduled by SEIU.  This action should be dismissed or stayed pending the outcome of those SEIU proceedings.

    6.    Plaintiffs' claims are moot by virtue of the trusteeship of Local 36. Among other things, the trusteeship had the effect, as of June 24, 2002, of removing all officers, including Plaintiff Officers from their positions.  In addition, the Local's Constitution is suspended.  No elections have been scheduled to fill positions within the Local.  Such election will be held before the Local is released from trusteeship.

    7.    Plaintiffs' claims are moot by virtue of the trusteeship given that there are no persons in positions of authority with respect to the Local other than the appointed Trustee and Deputy Trustees.

8.    Plaintiffs continue to enjoy the rights of members of Local 36 and SEIU to the same extent as all other members.

9.    Plaintiff Officers' claims for pay are moot in that the Trustee of Local 36 has returned Brenda Brisbane, Debbie Hennie and Aquel Brisbane to employment as staff with the Local.  While they are no longer performing the duties of their former positions, they are, at this time, being compensated at the same rate of pay that they previously enjoyed.  Moreover, the Trustee has caused the Local to issue back pay to Brenda Brisbane, Debbie Hennie and Aquel Brisbane for those weeks during which they were suspended by virtue of the decision of Defendant Everingham.  These actions were taken without prejudice to the legal position of the Local with respect to this lawsuit.  However, as a result of these actions, these Plaintiffs have suffered no monetary loss.

10.    Plaintiff Brenda Brisbane's claim to having been appointed President of the Local are invalid.  As of the date of her claim, Michael Russo had not effectively resigned or retired from the position of President.  Nor had he been declared disabled.  Accordingly, the Executive Board of Local 36 did not have the power to appoint Brenda Brisbane successor as the President.  Moreover, the meeting during which the Executive Board purported to appoint Brisbane as President was not validly convened.

11.    Pursuant to Article VI of the Local's Constitution, in the absence of the President, the Vice President shall discharge the duties of the President.  During the periods of time relevant to Plaintiffs' claims, this provision required that the Vice President, Denys Everingham, discharge the duties of the President who was absent.

12.    James F. Runckel, Esquire, counsel for Local 36 issued a legal opinion dated March 13, 2002 that, during the absence of Michael Russo, Vice President Everingham was to assume the duties of the President of the Local.   Plaintiffs were informed of this legal opinion and thus should not have engaged in self-help measures to usurp the office of President of Local 36 in violation of the Local's Constitution.

13.    Plaintiffs' equitable claims are barred by the doctrine of unclean hands.

14.    The actions taken with respect to the Plaintiffs were for legitimate reasons other than their race.

15.    There is no employment contract between Local 36 and Plaintiffs. Thus, claims under §1981 are barred.

16.    Plaintiffs Rodney Butler and Fayetta Rivers lack standing to bring this action on behalf of other members of Local 36 and are not representative of the interests of the general membership of Local 36.

WHEREFORE, Defendant Local 36 requests that Plaintiffs' Complaint be dismissed with prejudice, and that the Local be awarded costs and fees and any other relief deemed just under the circumstances.

Respectfully submitted,

_____

Bruce M. Ludwig, Esquire
SHELLER, LUDWIG & BADEY, P.C.
1528 Walnut Street, 3rd Floor
Philadelphia, PA 19102
(215) 790-7300
Fax: (215) 546–0942
Attorneys for Defendant Local 36

Dated:   August 9, 2002

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRENDA BRISBANE, et al.,              :

        Plaintiffs              :       Civil Action No. 02-3584

        v.              :       Judge Padova

DENYS EVERINGHAM, et al.,              :

        Defendants              :

## <u>CERTIFICATE OF SERVICE</u>

I, Bruce M. Ludwig, Esquire, hereby certify that I served the attached

Answer to Complaint and Affirmative Defenses upon all counsel on this date as

follows:        Charles F. Szymanski, Esquire
        MARKOWITZ & RICHMAN
        121 S. Broad Street
        1100 North American Building
        Philadelphia, PA 19107
        [Attorneys for Plaintiffs]

        Theodore M. Lieverman, Esquire
        SPECTOR, ROSEMAN & KODROFF, P.C.
        1818 Market Street, Suite 2500
        Philadelphia, PA 19106
        [Attorneys for Defendant Denys Everingham]


        _____
        Bruce M. Ludwig

Dated:    August 9, 2002

F:\WPDATA\BML\SEIU\Local36\pleadings\ANSWERAFFIRD EFENSES.WPD